[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-12416

Non-Argument Calendar

————————————————

KELLIE WALTERS,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:21-cv-01348-ACA

————————————————

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kellie Walters appeals from the district court's affirmance of the Appeals Council, which declined to consider her proposed exhibits that were not before the Administrative Law Judge (ALJ). After careful review of the record and the parties' briefs, we affirm.

## I.

Walters applied for disability insurance benefits (DIB), disabled widow's benefits, and supplemental security income (SSI). Walters alleged an onset date of June 30, 2018 for the following disabilities: back pain, loss of vision in left eye, pins in right hand, and depression. Disability examiners denied Walters' application initially and on reconsideration. Walters then requested and received a hearing before an ALJ, who found Walters not disabled.

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity, she is not disabled. *Id.* §§ 404.1520(b), 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limits her physical or mental ability to perform basic work activities, she does not have a severe impairment and is not disabled. *Id.* §

---

[1] If the ALJ determines that the claimant is or is not disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

404.1520(c), 416.920(c); *see also McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (describing Step Two as a threshold inquiry, allowing "only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments meet or equal an impairment listed in a provided appendix (the "Listings"), she is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not meet or equal an impairment in the Listings, the ALJ must assess the claimant's Residual Functional Capacity (RFC).[2] 20 C.F.R. §§ 404.1520(e), 416.920(e). Fifth, using the claimant's RFC, the ALJ will determine whether the claimant can still perform past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can do this type of work, she is not disabled. *Id.* Finally, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, she is not disabled. *Id.* §§ 404.1520(g), 416.920(g).

Here, the ALJ determined Walters had not engaged in substantial gainful activity since her alleged onset date.[3] The ALJ found Walters possesses the following severe impairments: lumbar disc disease, stenosis with reported radicular symptoms, and right

---

[2] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. *Id.* §§ 404.1545(a), 416.945(a).

[3] The ALJ also found Walters met the insured status requirements of the Social Security Act and the non-disability requirements for widow's benefits set forth in the Social Security Act.

middle and index finger neuropathy.[4]  But the ALJ found Walters'
impairments or combination of impairments fail to meet or medi-
cally equal the severity of an impairment in the Listings.  The ALJ
then found Walters has an RFC to perform light work[5] with the
following caveats: Waters can push and pull up to 20 pounds occa-
sionally and up to 10 pounds frequently; stand or walk for about 6
hours altogether but not more than 25 minutes continuously; sit
for at least 6 hours out of an 8-hour work day, but not more than
25 minutes continuously; perform occasional fine and gross manip-
ulation with the right dominant hand; frequently balance, stoop,
kneel, crouch, crawl, and climb, but not on ladders, ropes, or scaf-
folds; perform tasks not involving operation of vibrating tools or

---

[4] The ALJ also found that Walters had the following non-severe impairments:
hypertension, history of migraine headaches and syncope, decreased visual
acuity, acid reflux disease, thoracic nodules, vitamin deficiency, grief/depres-
sive disorder, anxiety disorder, and overweight/obesity.

[5] "Light work involves lifting no more than 20 pounds at a time with frequent
lifting or carrying of objects weighing up to 10 pounds.  Even though the
weight lifted may be very little, a job is in this category when it requires a good
deal of walking or standing, or when it involves sitting most of the time with
some pushing and pulling of arm or leg controls.  To be considered capable of
performing a full or wide range of light work, you must have the ability to do
substantially all of these activities.  If someone can do light work, [the Social
Security Administration] determine[s] that he or she can also do sedentary
work, unless there are additional limiting factors such as loss of fine dexterity
or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b),
416.967(b).

equipment; and must avoid exposure to workplace hazards such as unprotected heights and dangerous moving machinery.

Based on these findings, the ALJ determined Walters could not perform her past relevant work as stock clerk or sales clerk. The ALJ then determined Walters can perform other jobs existing in significant numbers in the national economy, specifically jobs for furniture rental clerk, counter clerk, and usher. As a result, the ALJ found Walters not disabled.

Walters then requested the Appeals Council review the ALJ's decision. Walters submitted 23 pages of new evidence to the Appeals Council. Relevant here, Walters submitted a Physical Capacities Form from Dr. Victoria Masear and a Psychological Evaluation from Dr. June Nichols. The Appeals Council found that the evidence did not relate to the period at issue and thus denied Walters' request for review, making the ALJ's decision the final decision of the Commissioner.

Walters appealed to the district court, which affirmed the Appeals Council's refusal to consider new evidence and the ALJ's denial of Walters' DIB and SSI. Walters timely appealed.

## II.

Walters argues that the Appeals Council erred in finding that Drs. Masear's and Nichols' opinions were not chronologically relevant. Walters also argues that those opinions were material and should have been considered, and because the Appeals Council did not address whether those opinions were material, we should remand to the Appeals Council for first review.

With a few exceptions, a claimant generally may present evidence at every stage of the administrative process. *Hargress v. SSA, Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018) (per curiam). "If a claimant presents evidence after the ALJ's decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Id.* at 1309. Evidence is material if there is a reasonable possibility "that the evidence would change the administrative result," and it "is chronologically relevant if it relates to the period on or before the date of the ALJ's hearing decision." *Id.* (quotation marks omitted, alterations adopted); 20 C.F.R. § 404.970(a)(5), 416.1470(a)(5).

"[W]hether evidence meets the new, material, and chronologically relevant standard is a question of law subject to our *de novo* review." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015) (per curiam) (quotation marks omitted). And "when the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Id.*

First, Walters' argument that remand is the only appropriate solution to the materiality question is incorrect. As part of de novo review, we may consider facts, such as the materiality of the evidence, that the Appeals Council did not address when it refused to consider the new evidence. *See id.* at 1321–22 (considering both chronological relevance and materiality even though the Appeals Council only considered whether the evidence was chronologically relevant). As a result, we will consider both the chronological

22-12416                Opinion of the Court                7

relevance and materiality of both Drs. Masear's and Nichols' opinions.

### A.        Dr. Masear's Opinion

The Appeals Council found that Dr. Masear's opinion did not "relate to the period at issue." Walters argues that the Appeals Council erred in that determination. We disagree.

Dr. Masear completed a Physical Capacities Form on April 15, 2021, less than a month after the ALJ's decision. In that form, Dr. Masear noted that Walters could lift up to 5 pounds constantly, between 6 and 10 pounds frequently, between 11 and 20 pounds occasionally, and never greater than 20 pounds. With her right hand, Walters could reach frequently, handle occasionally, but could never finger or feel. Walters could sit upright for eight hours at one time, and she could stand for five hours at one time. During an 8-hour day, Walters would need to lie down, sleep, or sit with her legs propped up for less than 15 minutes. Dr. Masear checked a box indicating that the limitations existed back to June 30, 2018.

Dr. Masear's opinion was not chronologically relevant. Dr. Masear's opinion postdated the ALJ's decision. Although Dr. Masear treated Walters during the relevant period,[6] there is no indication that Dr. Masear considered Walters' past medical records when noting Walters' physical limitations on the Physical Capacities Form. Further, Dr. Masear did not cite any medical evidence

---

[6] Walters attempts to paint Dr. Masear as a treating physician, but the record shows that Walters saw Dr. Masear only once during the relevant period.

to support her conclusion that the limitations existed back to June 30, 2018.

However, even assuming Dr. Masear's opinion was chronologically relevant, remand is not required, as that opinion is not material. For evidence to be material, there must be "a reasonable possibility . . . that the evidence would change the administrative result." *Hargress*, 883 F.3d at 1309. Dr. Masear's opinion is substantially similar to her August 2020 treatment notes that the ALJ considered when making his decision. Further, Dr. Masear's treatment notes contained more details about the physical findings of Walters' right hand. In looking at Walters' RFC, several of Dr. Masear's physical limitations are reflected. Thus, there is not a reasonable probability that Dr. Masear's opinion would have changed Walters' RFC.

Accordingly, the Appeals Council did not err in declining to review Dr. Masear's opinion postdating the ALJ's decision.

### B.    Dr. Nichols' Opinion

The Appeals Council found that Dr. Nichols' opinion did not "relate to the period at issue." Walters argues that the Appeals Council erred in that determination. We agree with Walters that Dr. Nichols' opinion is chronologically relevant, but the Appeals Council did not err in declining to review Dr. Nichol's opinion because it is not material.

Dr. Nichols conducted a Psychological Evaluation of Walters on June 8, 2021, three months after the ALJ's decision. In the Psychological Evaluation, Dr. Nichols found that Walters could

not maintain attention, concentration, and/or pace for periods of at least two hours; she could not perform activities within a schedule and be punctual; she could not adjust to routine and infrequent changes; and she could not interact with supervisors or coworkers. Dr. Nichols also found that Walters would be off task for 25 to 30% of an 8-hour workday, and she would fail to report to work about 10 to 12 days out of a 30-day period due to her psychological symptoms. Dr. Nichols found that Walters' limitations dated back to June 30, 2018.

Our decision in *Washington* is worth discussing as it helps highlight why Dr. Nichols' opinion is chronologically relevant but not material. In *Washington*, we found that the evidence submitted to the Appeals Council was chronologically relevant because the claimant described his symptoms during the relevant period, the physician reviewed the treatment records from the relevant period, and the physician's opinion "relate[d] back" to the relevant period. 806 F.3d at 1322. Like in *Washington*, it is clear from Dr. Nichols' opinion that she reviewed Walters' prior medical records and relied on Walters' history of symptoms during the relevant period. Thus, the Appeals Council erred in determining Dr. Nichols' opinion was not chronologically relevant.

But that is where the similarities to *Washington* end. In *Washington*, we explained that to determine materiality of new evidence before the Appeals Council, we must consider whether the new evidence was "wholly inconsistent" with the evidence that was considered before the ALJ. *Id.*

Here, Dr. Nichols' opinion is inconsistent with the rest of the medical evidence.  Dr. Nichols explained that as a result of Walters' depression and anxiety, Walters would miss a significant amount of work each month and be off task one-third of each workday.  While the medical records indicate that Walters suffered from depression and anxiety after her husband's sudden passing in February 2020, the medical records indicated improvement and a mild treatment plan.   For example, in June 2020, Walters' doctors noted gradual improvement with medication.  And in December 2020, although Walters reported depression, she reported no other symptoms such as anxiety, suicidal thoughts, or fatigue, and the doctor reported no abnormalities in Walters' distress level.  As such, Dr. Nichols' opinion regarding Walters' depression and anxiety is "wholly inconsistent" with the evidence in the record, therefore the opinion was not material.

Because Dr. Nichols' opinion was not material, there was no reasonable possibility that the new evidence would change the administrative result.  Thus, the Appeals Council did not err in declining to review Dr. Nichols' opinion postdating the ALJ's decision.

### III.

Because Dr. Masear's opinion was not chronologically relevant or material, the Appeals Council did not err in declining to review that evidence.  Although Dr. Nichols' opinion was chronologically relevant, it was not material and would not have changed the result.  Thus, the Appeals Council did not err in declining to review that evidence.  Accordingly, we affirm.

22-12416                Opinion of the Court                11

**AFFIRMED.**